■ Aron Manor Nursing Home et al., Appellants, v Charles J. Hynes, as Deputy Attorney-General of the State of New York, Respondent. —Order and judgment (one paper), Supreme Court, New York County, entered August 2, 1976, unanimously modified, on the law and the facts, and in the exercise of discretion, to direct return, within 30 days after service of the order to be entered hereon, of all materials, whether books or records, subpoenaed by respondent-respondent from petitioners-appellants, and otherwise affirmed, without costs and without disbursements. (See *Matter of Sigety v Hynes,* 38 NY2d 260; *Matter of Windsor Park Nursing Home v Hynes,* 42 NY2d 243; *Hynes v Lefkowitz [Palm Beach Home],* 62 AD2d 375; *Hynes v Oceanaire Bldg. Corp.,* 62 AD2d 375; *Hynes v Hi-Li Manor Home,* 62 AD2d 375.) Copies of the records to be returned may be retained. There has been ample time during respondent-respondent's lengthy possession to have made such copies. Since we are without knowledge of what records of petitioners remain in respondent's hands, an order is to be settled hereon describing these materials sufficiently to obviate dispute. Settle order on notice. Concur—Lupiano, J. P., Birns, Lane, Markewich and Sandler, JJ.

■ The People of the State of New York, Respondent, v James Glover, Appellant. The People of the State of New York ex rel. James Glover, Appellant, v Warden, Respondent.—Judgment, Supreme Court, New York County, rendered February 23, 1976, convicting defendant of robbery in the first degree, rape in the first degree and unlawful imprisonment in the second degree and sentencing him to two indeterminate terms of three to nine years and a term of one year to run concurrently, unanimously affirmed. Judgment, Supreme Court, New York County, rendered August 13, 1975, dismissing defendant's petition for a writ of habeas corpus, unanimously affirmed, without costs or disbursements. We affirm but would note that the prosecutor carried his rhetoric to excess during summation, in terms of both a lawyer's obligation to avoid comment on facts dehors the record and the respect he owes to the court and its rulings. However, after a review of the record, we conclude that these abuses do not warrant reversal. Concur—Evans, J. P., Markewich, Lynch, Sandler and Sullivan, JJ.

■ Lee Pokoik, Respondent, v Arthur R. Silsdorf, Appellant, et al., Defendant.—Order of the Supreme Court, New York County, entered December 27, 1977, granting defendant Silsdorf's motion to dismiss the action pursuant to CPLR 3211 (subd [a], par 7) but granting plaintiff leave to replead within 30 days of entry of the order, unanimously affirmed, with $60 costs and disbursements of this appeal payable to respondent by appellant. The only issue on this appeal is the granting by Special Term of leave to replead. In the circumstances of this case, we do not believe that there is any need to interfere with Special Term's exercise of discretion. Inasmuch as there is no cross appeal by plaintiff on the dismissal, we do not pass upon the validity of the complaint. Concur—Birns, J. P., Silverman, Evans, Lane and Sandler, JJ.